IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe,<br><br>Plaintiff,<br><br>v.<br><br>Folly Tacqueria, LLC d/b/a Taco Boy Folly Beach, and Anthony Daubs,<br><br>Defendants. | ) | Civil Action No. 2:25-cv-11700-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Jane Doe's ("Plaintiff") amended complaint against Defendants Folly Tacqueria, LLC d/b/a Taco Boy Folly Beach ("Taco Boy") and Anthony Daubs ("Daubs") (collectively, "Defendants"), wherein Plaintiff asserts claims for retaliation and harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") against Taco Boy; discrimination in violation of the Americans with Disabilities Act ("ADA") against Taco Boy; assault and battery against Daubs; and intentional infliction of emotional distress against Daubs. (ECF No. 14.)

On October 14, 2025, Defendant Taco Boy filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff failed to exhaust her administrative remedies by filing an administrative charge against Taco Boy and that Plaintiff is therefore precluded from bringing this lawsuit against it under Title VII and the ADA. (ECF No. 20.) Also, on October 22, 2025, Plaintiff filed a motion to dismiss Defendant Daub's counterclaims for defamation and tortious interference with contractual relations pursuant to Rule 12(b)(6). (ECF No.

22.) These matters are fully briefed and ripe for review. (*See* ECF Nos. 23, 24, 25.)

On April 10, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant Taco Boy's motion to dismiss; dismiss as moot Plaintiff's motion to dismiss Daub's counterclaims for refiling in state court; and remand this matter to state court. (ECF No. 26.) Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. (ECF Nos. 27, 28.) Now, for the reasons set forth below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report as set forth below.

## STANDARDS OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

**II. The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

**I. The Magistrate Judge's Findings**

As an initial matter, the Court notes that the Magistrate Judge carefully set forth the factual background regarding Plaintiff's prior employment with Taco Boy and the allegations of her amended complaint. (ECF No. 26 at 2-5.) No party has specifically objected to this portion of the Magistrate Judge's Report, and the Court finds that the Magistrate Judge

accurately recited the relevant factual background. Thus, the Court specifically incorporates this portion of the Report and repeats herein only the facts necessary to address Plaintiff's objections.

In her Report, the Magistrate Judge carefully considered Defendant Taco Boy's arguments in support of dismissal as well as Plaintiff's arguments in opposition. After noting that"Plaintiff does not contest that she failed to name Defendant Taco Boy as a respondent in her EEOC charge and instead named only "All Good Industries LLC,"[1] the Magistrate Judge found that the substantial identity exception did not apply to salvage Plaintiff's federal claims against Taco Boy.[2] (ECF No. 26 at 8.) In so finding, the Magistrate Judge explained that this Court has declined to apply the substantial identity exception when a plaintiff was represented by counsel at the time of filing an EEOC charge, and there is no dispute that Plaintiff in this case was represented by counsel when she filed her EEOC charge. (*Id.* at 10-11 (citing cases).) In addition, the Magistrate Judge proceeded to consider the factors set forth in *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888

---

[1] Plaintiff named only "All Good Industries LLC" as her employer in her EEOC charge, which was filed by counsel, and the Court can consider Plaintiff's EEOC charge without converting Defendant's Rule 12(b)(6) motion into one for summary judgment. (*See* ECF No. 23-1 at 1-2.) Plaintiff did not include Taco Boy as her employer in her EEOC charge although she did allege elsewhere that she "started working at Taco Boy[,] which is a bar and restaurant located at 106 E Ashley Ave, Folly Beach, SC 29439," and that "[i]t is owned by All Good Industries Taco Boy(s), a Charleston based management company that oversees several restaurants and bars . . . ." (*Id.* at 2.) Plaintiff's EEOC charge further stated that "All Good Industries is owned and operated by Karalee Nielsen Fallert who also co-owns each of the aforementioned restaurants." (*Id.*)

[2] As the Magistrate Judge noted, Plaintiff's initial complaint in this action named "All Good Industries LLC d/b/a Taco Boy and Anthony Daubs" as Defendants. (*See* ECF No. 1-1.) However, on September 19, 2025, Plaintiff filed an amended complaint and removed All Good Industries LLC as a Defendant, replacing it with Defendant "Folly Tacqueria, LLC d/b/a Taco Boy." (ECF No. 14.) Thus, Defendant All Good Industries LLC was terminated as a Defendant on September 22, 2025. In her amended complaint, Plaintiff asserts that Folly Tacqueria, LLC is a limited liability corporation registered with the South Carolina Secretary of State, which regularly does business as Taco Boy Folly Beach. (*Id.* ¶ 4.) Plaintiff further asserts that "Taco Boy is owned and operated by Defendant Folly Tacqueria[,] LLC, a Charleston based management company that oversees several restaurants and bars." (*Id.* ¶ 13.) Plaintiff's amended complaint makes no mention of "All Good Industries LLC," the entity she named in her EEOC charge.

(3d Cir. 1977), ultimately finding that they do not weigh in favor of applying the substantial identity exception in this case. (*Id.* at 11-13.)

## II. Plaintiff's Objections

In her objections to the Magistrate Judge's Report, Plaintiff first asserts that the Magistrate Judge erred by treating the representation bar as an established rule when the law remains unsettled. (ECF No. 27 at 5.) Specifically, Plaintiff asserts that the Fourth Circuit has not resolved whether the substantial identity exception can apply when a plaintiff was represented by counsel when filing her EEOC charge, and Plaintiff further asserts that the weight of intra-circuit authority applies the *Glus* factors on the merits without imposing any threshold inquiry as to whether the plaintiff was represented by counsel when filing her EEOC charge. (*Id.* at 5-9.) Additionally, Plaintiff contends that other circuits do not limit application of the substantial identity exception based on whether the plaintiff was represented by counsel when filing her EEOC charge. (*Id.* at 9-10.)

After *de novo* review, the Court is not persuaded by Plaintiff's objections on this issue. As the Magistrate Judge correctly explained, before pursuing a lawsuit under Title VII or the ADA, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. 42 U.S.C. §§ 2000e-5(b), (f), 12117(a); *see Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022); *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012). "[R]equiring a party to file a charge with the EEOC ensures that the employer is put on notice of the alleged violations" and gives the EEOC "the first crack" at resolving employment discrimination disputes. *Sydnor*, 681 F.3d at 593 (internal quotation marks omitted).

Here, it is undisputed that Plaintiff named only All Good Industries LLC as the employer in her EEOC charge and did not name Taco Boy. *See Hoffman v. Inova Health*

*Care Servs.*, 169 F.4 th 207, 219 (4th Cir. 2026) ("The district court correctly ruled that Hoffman failed to administratively exhaust her claims against NAPA. Hoffman's EEOC charge of discrimination, which limits the scope of her federal claims, did not name NAPA.") (citing *Walton*, 33 F.4th at 172). And while Plaintiff contends that the substantial identity exception applies to cure this defect, the Magistrate Judge correctly noted that another judge in this district (and another district court in this circuit) have held that the substantial identity exception does not apply in cases where the plaintiff was represented by counsel at the time of filing with the EEOC, as happened in this case. *See Waters v. Univar Sols. USA, Inc.* No. 2:22-2071-DCN-MGB, 2023 WL 1479095, *4 (D.S.C. Feb. 2, 2023). As Judge Norton explained in *Waters*:

> [A]t least one district court in the Fourth Circuit has held that the rationale behind the identity of interest exception–that the pleadings of lay complainants should be construed liberally–is not applicable in cases where the plaintiff was represented by counsel at the time of filing with the EEOC. *See, e.g., Olvera-Morales v. Int'l Labor Mgmt. Corp., Inc.*, 2008 WL 939180, at *2 (M.D.N.C. Apr. 4, 2008). This court is persuaded by the court's reasoning in *Olvera-Morales*. *See id.* The Fourth Circuit has noted that "Title VII does not require procedural exactness from *lay complainants*" and "EEOC charges must be construed with utmost liberality since they are made *by those unschooled in the technicalities of formal pleading*." *Alvarado*, 848 F.2d at 460 (internal quotation marks omitted and emphasis added). The court finds that the rationale of liberal construction does not apply when an attorney prepares the EEOC charge on behalf of his client because attorneys (ideally) should be schooled in the technicalities of formal pleading.

*Id.* (emphasis in original).[3]

Regardless of the foregoing, however, the Magistrate Judge did not simply apply a

---

[3] Although the "Fourth Circuit has not had occasion to decide whether to adopt the substantial identity exception," the Fourth Circuit has quoted with approval in dictum certain language affirming the exception. *Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll.*, 848 F.2d 457, 461 (4th Cir. 1988) (quoting *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1186, n 5 (4 th Cir. 1981), cert. denied, 459 U.S. 923 (1982), and *Chastang v. Flynn & Emrich Co.*, 365 F. Supp. 957 (D. Md. 1973).

"threshold representation bar" and end the inquiry there, as Plaintiff's objections would seem to suggest. Rather, the Magistrate Judge simply noted that Plaintiff does not dispute that she was represented by counsel when she filed her EEOC charge and that this district has declined to apply the substantial identity exception under those circumstances, but the Magistrate Judge nonetheless proceeded to consider the *Glus* factors. (ECF No. 26 at 11 ("Regardless [of the fact that counsel filed the EEOC charge on Plaintiff's behalf], the undersigned finds that the *Glus* factors do not weigh in favor of applying the substantial identity exception in this case.").) The Court thus finds no error in the Magistrate Judge's recognition that Plaintiff was represented by counsel when she filed her EEOC charge.

Turning next to the *Glus* factors, as the Magistrate Judge explained, courts considering the substantial identify exception have often applied the balancing test established by the Third Circuit in *Glus v. G.C. Murphy*, which instructs district courts to consider the following four factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and]
>
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

562 F.2d 880, 888 (3d Cir. 1977). Of these four factors, the second and third are accorded greater weight. *Mayo v. Questech, Inc.*, 727 F. Supp. 1007, 1011 (E.D. Va. 1989). In her

Report, the Magistrate Judge considered all four *Glus* factors and found that not one of them weighs in favor of applying the substantial identity exception. (*See* ECF No. 26 at 11-14.)

Plaintiff specifically objects to the Magistrate Judge's application of the *Glus* factors and asserts that all four factors weigh in favor of applying the substantial identity exception in this case. (*Id.* at 11-16.) Specifically, as to the first factor, i.e., whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint, Plaintiff asserts for the first time in her objections that "Plaintiff's counsel did conduct a public records search," and she argues that the Magistrate Judge erred by concluding that Plaintiff failed to search readily available public records.[4] (ECF No. 27 at 11.) According to Plaintiff, a public records search does not unambiguously point to Taco Boy as Plaintiff's employer and it instead corroborates that All Good Industries was the relevant entity in the corporate structure. (*Id.* at 12.)

Next, as to the second factor, i.e., whether the interests of All Good Industries LLC and Taco Boy are so similar that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings, Plaintiff asserts that "[t]he two entities share ownership, management, HR operations, and a unified brand identity," such that "conciliation with one constitutes

[4] In the Report, the Magistrate Judge referenced Plaintiff's statement in her response in opposition to Taco Boy's motion, that "Plaintiff's counsel reasonably relied on[ ] Marshall's termination email address identifying the company as "All Good", as well the information publicly available on All Good's website at https://www.allgoodindustries.com/ stating, 'All Good Industries is based in Charleston, South Carolina. Our portfolio includes Taco Boy, Park & Grove, The Royal American and The Bounty Bar. Karalee Nielsen Fallert is our Founder/CEO and she co-owns each of the aforementioned restaurants.' (ECF No. 26 at 11 (citing ECF No. 23 at 10).) The Magistrate Judge then stated that "Plaintiff admits that she did not search readily available public records, such as the South Carolina Secretary of State's website and/or the Charleston County Court of Common Pleas' public index, before filing her EEOC charge. (ECF No. 26 at 11.)

effective conciliation with both." (*Id.* at 13.)

As to the third *Glus* factor, i.e., whether Taco Boy's absence from the EEOC proceedings resulted in actual prejudice to it, Plaintiff asserts that "because All Good and [Taco Boy] share the same owners, same HR, and same management, [Taco Boy] would not have shown up to the EEOC proceedings as a separate, independent participant anyway." (*Id.* at 14.) Plaintiff also asserts that the Magistrate Judge erred in resting her prejudice analysis on the quick issuance of the right-to-sue letter, which Plaintiff asserts was not the product of Plaintiff's unilateral action.

Lastly, as to the fourth *Glus* factor, Plaintiff asserts that Taco Boy represented to her that her employment relationship would be through All Good because "[e]very significant employment communication Plaintiff received identified All Good Industries as the relevant employer entity." (*Id.* at 15.)

Here, after *de novo* review, the Court finds Plaintiff's objections unavailing. First, even giving Plaintiff the benefit of the doubt and assuming that Plaintiff's counsel conducted a public records search that did not prove fruitful, such that the first *Glus* factor should weigh in favor of applying the substantial identity exception, the Court still finds that the remaining *Glus* factors do not weigh in favor of applying the substantial identity exception.[5]

---

[5] In her response to Taco Boy's motion, Plaintiff states that she "was terminated by HR Director Marshall whose email address is Brittany@allgoodindustries.com," and Plaintiff attaches a copy of the email to her response. (ECF Nos. 23 at 5; 23-2.) According to Plaintiff, her misidentification of her employer is "understandable in light of Marshall's email." (ECF No. 23 at 6.) Plaintiff also asserts that counsel reasonably relied on information publicly available on All Good's website." (ECF No. 23 at 10.)

The Court notes as a practical matter, however, that other than the "allgoodindustries.com" domain in Marshall's email address, nowhere in the termination email is Marshall identified as an employee of All Good Industries LLC. (*See* ECF No. 23-2 at 1.) Nor does Marshall otherwise indicate to Plaintiff that Plaintiff was an employee of All Good Industries LLC. Instead, Marshall's signature line identifies her as the "Director of Team Success" for "Taco Boy" and includes the website "tacoboy.net." (*Id.*) As for All Good's website, Plaintiff simply asserts that it states: "All Good Industries is based in Charleston, South Carolina. Our portfolio includes Taco Boy, Park & Grove, The Royal American and The Bounty Bar. Karalee Nielsen Fallert is our

As to the second factor, the Court fully agrees with the Magistrate Judge that the record before the Court does not support a finding that, under the circumstances, the interests of All Good Industries LLC are so similar to the interests of Taco Boy that for the purpose of obtaining voluntary conciliation and compliance it was unnecessary to include Taco Boy in the EEOC proceedings. Stated plainly, and as noted by the Magistrate Judge, Plaintiff's amended complaint *does not even mention* All Good Industries LLC, let alone include any factual allegations showing any affiliation or similarity of interests between All Good Industries LLC and Taco Boy. (*See* ECF No. 14.)

Likewise, as to the third factor, the Court also agrees with the Magistrate Judge that Taco Boy's absence from the EEOC proceedings resulted in actual prejudice to it quite simply because (1) it is not clear that it received notice of the charges and (2) it certainly was not afforded an opportunity to participate in the conciliation process, which as the Magistrate Judge also noted, did not even occur. *See EEOC v. Am. Nat'l Bank,* 652 F.2d 1176, 1186, n. 5 (4th Cir. 1981) (noting that courts have developed exceptions to the rule that a district court must dismiss a case against a party who was not named in an EEOC charge based on the plaintiff's failure to exhaust administrative remedies "where it is clear that the defendant through some relationship with the named respondent *had notice of the charges and participated in the conciliation process*") (emphasis added); *see also Caudill v. North Carolina Symphony Soc'y, Inc.*, 750 F. Supp. 3d 531 (E.D.N.C. Sept. 26, 2024)

---

Founder/CEO and she co-owns each of the aforementioned restaurants." Thus, Plaintiff appears to have admitted that the website actually identified Taco Boy as an entity separate from All Good Industries, although she asserts that she "had no way of knowing the complex corporate structure whereby each separate restaurant operated under a different LLC name." (ECF No. 23 at 10.)

("The second and third factors reflect the two-fold purpose of the naming requirement, that is, providing notice and opportunity for voluntary conciliation.") (citations omitted).

Lastly, as to the fourth factor, the Court again agrees with the Magistrate Judge that Plaintiff's assertion that Taco Boy represented to her that its relationship with her was through All Good Industries LLC is simply not convincing in light of the fact that Plaintiff's amended complaint makes no mention of All Good Industries LLC.[6] (*See* ECF No. 14; *see also supra* n. 5.)

Ultimately, it is undisputed that Taco Boy was not named as a respondent in Plaintiff's EEOC charge and that Plaintiff was represented by counsel when the EEOC charge was filed. It is further undisputed that Plaintiff's amended complaint makes no mention of All Good Industries LLC, the entity named in Plaintiff's EEOC charge, and includes no factual allegations to support a finding that Taco Boy had notice of the charges against All Good Industries LLC and the opportunity to participate in the conciliation process. After considering the *Glus* factors *de novo*, therefore, the Court finds no equitable basis to apply the substantial identity exception. Because Plaintiff's failure to name Taco Boy in her EEOC charge means she that did not exhaust her administrative remedies against this Defendant, the Court finds that Taco Boy is entitled to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Lastly, because the dismissal of Taco Boy from this action leaves the Court without original jurisdiction over Plaintiff's remaining state law claims, the Court declines to consider

[6] And as the Court hinted at in footnote 5, *supra*, the materials on which Plaintiff asserts she relied when identifying All Good Industries LLC as her employer in her EEOC charge do not actually indicate that All Good Industries LLC was her employer.

those claims and instead remands them to state court. Additionally, although the Magistrate Judge recommended that the Court dismiss as moot Plaintiff's motion to dismiss Daub's counterclaims (for refiling in state court), the Court notes that it need not address Plaintiff's motion and can simply remand the matter to state court as it stands following the dismissal of Taco Boy. In other words, Plaintiff's motion to dismiss Daub's counterclaims will remain pending for the state court to address in the first instance.

## CONCLUSION

Based on the foregoing, the Court **adopts** the Magistrate Judge's Report as set forth herein (ECF No. 26); the Court **overrules** Plaintiff's objections (ECF No. 27); the Court **grants** Defendant Taco Boy's motion to dismiss (ECF No. 20) and dismisses it from this action; and the Court remands the remainder of this action between Plaintiff and Daubs to state court, to include Plaintiff's motion to dismiss Defendant Daub's counterclaims (ECF No. 22).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 3, 2026
Charleston, South Carolina